OPINION
{¶ 1} Plaintiff-appellant Tina Guisinger (hereinafter "Tina") appeals from the judgment entered in the Municipal Court of Clark County, Ohio in favor of the Defendant-appellee Patricia Beth Guisinger (hereinafter "Beth"). For the following reasons the judgment will be affirmed.
 I {¶ 2} This case arises from a civil action brought by Tina in the Small Claims Court of Clark County, Ohio. She filed suit against her sister Beth seeking to recover $2,200.18. The original action stems from the events occurring on April 24 and April 25, 2002 while Tina was helping Beth move out of her apartment. During the move Beth claims that Tina watched her count approximately $1,400 in cash. Later, the parties went to a local gas station in Tina's van to get drinks. While at the gas station Beth claims that she first noticed that the $1,400 was missing. Upon returning to the apartment the Springfield Police Department was called and notified of the missing money. Officer Rich of the Springfield Police Department conducted a thorough search of all persons in the apartment and was unsuccessful in recovering the money. Officer Rich requested and was denied permission by Tina to search her van for the money. Rich contacted the Clark County Prosecutor's Office and was informed that a search warrant was not necessary in order to search the van. A search was subsequently conducted and approximately $1,400 was recovered from the van. The money was then returned to Beth by the Springfield Police Department and a felony theft charge was filed against Tina. The felony theft charge was later dropped and Tina brought this action to recover the $1,400. Tina claims that she is the rightful owner of the money given to Beth by the Springfield Police Department.
 {¶ 3} On June 7, 2004, a trial to the court took place in front of a Clark County magistrate. Each party introduced evidence and proffered testimony which purported to establish that the $1,400 belonged to them. The evidence offered by Tina included a copy of a check made out to her in the amount of $1,370.23 dated April 1, 2002, along with a certified copy of the cashed check from National City Bank showing it was cashed on April 23, 2002. The evidence introduced by Beth included a copy of a bank statement showing that $1,125.00 had been deposited into her bank account on March 8, 2002. She also offered the testimony of Officer Rich, who testified that prior to recovering the cash Beth informed the police that the money would be contained within four Security National Bank envelopes and that one of the envelopes would have the name "Beth" and the number "1,200" written on it. The money was in fact found in the described envelopes.
 {¶ 4} After a review of the evidence and testimony, the magistrate ruled in favor of Beth. Tina filed an Objection to the Magistrate's Decision on June 21, 2004. The trial judge overruled the objection on August 2, 2004 and entered judgment adopting the decision of the magistrate. It is from this judgment that Tina now appeals.
 II {¶ 5} Tina appeals from this judgment and asserts the following assignments of error:
 {¶ 6} "1. NO WARRANT WAS OBTAINED TO SEARCH OR TOW THE VAN TO POLICE HEADQUARTERS OR TO REMOVE ITEMS CONTAINED IN THE VAN.
 {¶ 7} "2. OFFICERS FORCED ALL PERSONS AT RESIDENCE TO CONSENT TO AND BE STRIP SEARCHED THERE.
 {¶ 8} "3. NO PERMISSION WAS OBTAINED FROM THE OWNER TO TAKE THE VAN INTO CUSTODY.
 {¶ 9} "4. ATTORNEY GREG LIND CALLED DETECTIVE EISENHOWER ON APRIL 25, 2002 TO PUT A HOLD ON THE MONEY.
 {¶ 10} "5. OFFICER RICH VERBALLY TOLD EVIDENCE CLERK TO RELEASE MONEY TO APPELLEE WITHOUT THERE BEING PROOF THAT IT BELONGED TO HER. ALSO, THIS COURT SHOULD KNOW APPELLEE LEFT APPELLANT EXACTLY ONE DOLLAR BILL WITH JACKET AND OTHER BELONGINGS IN EVIDENCE ROOM."
 {¶ 11} These assignments of error will be discussed simultaneously with Appellant's other contention that her civil rights were violated, including those rights found within the Fourth, Fifth, Sixth, Seventh,Ninth and Fourteenth Amendments of the United States Constitution.
 III {¶ 12} Although Tina has raised numerous assignments of error and civil rights violations we are unable to review them because they call into question the conduct of the officers and/or detectives of the Springfield Police Department, a non-party to the original suit brought against her sister. However, we will review the merits of the decision rendered and judgment entered below since Tina attempts to assert the judgment for Beth is against the manifest weight of the evidence.
 {¶ 13} In reviewing a decision an appellate court must presume that the findings of the trier-of-fact were correct. Seasons Coal Co., Inc.v. City of Cleveland (1984), 10 Ohio St.3d 77, 80; 461 N.E.2d 1273,1276. A decision made in a trial to the court may only be reversed if an appellate court finds it is against the manifest weight of the evidence. App. R. 12 (C). In determining whether a decision is against the manifest weight of the evidence, "every reasonable inducement and every reasonable presumption must be made in favor of the judgment and finding of facts."Seasons Coal, supra, citing to 5 Ohio Jurisprudence 3d (1978), 191-192, Appellate Review, Section 603. If the evidence is susceptible to more than one interpretation, the interpretation it is given below must be adopted by the appellate court. Id. The rationale behind granting such deference to the trial court arises from the trial judge being in the best position to view the witnesses and "observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal, supra, at 80. In coming to a decision we must presume that the findings of fact made by the magistrate were correct because he is the trier-of-fact in a trial to the court. Every reasonable inducement and presumption must be consistent with the judgment below, which was entered in favor of Beth. Although the evidence may be susceptible to more than one interpretation, the fact that the magistrate chose to interpret it in favor of Beth means that upon review it must be given that same interpretation.
 {¶ 14} An appellate court may not change a judgment made by the trial court if competent and credible evidence exists supporting its findings of fact and conclusions of law. Id. When a review of the record indicates that competent and credible evidence exists supporting a judgment, an appellate court may not reverse that decision, "because it holds a different opinion concerning the credibility of witnesses and evidence submitted before the trial court." Seasons Coal, supra, at 81. An appellate court may only reverse a decision if an error of law is made by the trial court. Id.
 {¶ 15} After a thorough review of the record we find that competent and credible evidence existed supporting the judgment below. The record shows that the Springfield Police Department conducted a thorough investigation in which it searched, with no success, all persons present at the apartment for the money. The police then attempted to and were denied permission by Tina to search her van. Only after being notified by the Clark County Prosecutor's Office that a search warrant was not necessary in order to search the van did the police search the van. The search of the van uncovered approximately $1,400 within four Security National Bank envelopes, one bearing the name "Beth" and the number "1,200" just as Beth had told the police. The police then filed felony theft charges against Tina, which were later dropped. At trial, Beth provided evidence that included a bank statement from Security National Bank showing that $1,125.00 had been deposited into her bank account on March 8, along with the testimony of Officer Rich regarding the events of April 24 and April 25, 2002. Thus, competent and credible evidence existed supporting the judgment in favor of Beth. In our review of the record we are also unable to find that the trial court committed any errors of law which would justify a reversal of its decision. Therefore, the judgment entered was not against the manifest weight of the evidence. Thus, the judgment of the trial court must be affirmed.
 IV {¶ 16} After reviewing its merits, the judgment of the trial court is affirmed.
GRADY, J. and YOUNG, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).